UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV233-EHJ


FRANKLIN SUTTON                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                    DEFENDANT


## MEMORANDUM OPINION

This case is before the Court upon plaintiff Franklin Sutton's objections to the proposed

findings and recommendations of the United States Magistrate Judge.  The Court has conducted a

de novo review of those matters that are the subject of specific written objection, and is of the

opinion that the proposed findings and recommendations should be adopted, the decision of the

Commissioner reversed, and the matter remanded for calculation of benefits.

Mr. Sutton filed applications for disability insurance and SSI benefits on October 18, 2002

alleging that he became disabled on August 6, 2000 as a result of injury to his heck, blindness in his

right eye, hearing difficulty in his right ear, and pain.  He was working for the National Guard on

a steel trailer when some equipment broke loose, knocking him backward and causing a cervical

strain, a fractured skull, and a closed head injury.  As a result, he developed black-outs and seizures,

headaches, right-sided vision and hearing difficulties, numbness in the right upper and lower

extremities, memory loss and possible intellectual impairment.  Mr. Sutton's medical records

indicate difficulty in obtaining coverage for his medical treatment through the National Guard, and

denial of his claim (Tr. 183, 186, 369).  Mr. Sutton's educational history indicates that he attended

special education classes until dropping out of high school in 10th grade.  Despite several attempts

to obtain his GED through the National Guard, he was unable to pass the test (Tr. 481), and was able to obtain a driver's license because he was administered the test orally (Tr. 482).  Additionally, the ALJ found that he was likely "illiterate."  (Tr. 27).

The Commissioner objects to the magistrate's proposed findings and recommendations, suggesting that the magistrate improperly acted as both vocational expert and medical expert in finding that Dr. McDonald's opinions should be given controlling weight and that they, coupled with the decreased flexion in the 5th digit of the right hand and lack of job skills, provide two independent bases for finding Mr. Sutton disabled.  The Court declines to characterize the magistrate's thorough review and analysis of the record in such broad terms.  This Court is obligated to review the entire record that was before the Commissioner at the date of the final decision to determine whether the findings were supported by substantial evidence, and that is precisely what the magistrate has done.  The magistrate's report, though favorable to the Commissioner in some respects, points out numerous errors and inconsistencies contained in the ALJ's Decision which provide ample justification for reversal and remand for payment.

The Commissioner would have this Court accept as true the ALJ's mis-characterization of the objective testing as "normal" when a review of both the August 22, 2000 brain MRI report by Dr. Shiben and the subsequent brain MRI report by Dr. Chapman on August 24, 2001 both indicate the presence of abnormal occipital region signals.  In addition the latter report, it is noted that there is no significant change from the first report, which would appear to discount the Commissioner's argument of overwhelming improvement in Mr. Sutton's condition.  The Commissioner would also have the Court disregard significant evidence of record, arguing that decreased flexion in claimant's right pinky finger does not equate to a significant limitation in manual dexterity.  Not only does Mr.

2

Sutton have decreased flexion in his right 5th digit, the ALJ acknowledged that he also suffers from episodes of right-sided symptoms including feeling dead and weak in the right arm.  Though these are subjective complaints, they appear to be supported by the right sided diminished sensation upon neurological exam by Dr. McDonald (Tr. 185) some twelve months following the injury.

As this Court adopts the magistrate's report, it declines to address the apparent lack of medical basis for the ALJ's finding that the claimant can perform "light" work.

After reviewing the record as a whole, and when the opinions of Dr. McDonald are accorded the weight to which they are entitled, it is clear that there are no remaining factual issues that would warrant remand for further proceedings.  Where the record is fully developed, all essential factual issues have been resolved, and the record adequately establishes entitlement to benefits, remand for further proceedings serves no legitimate purpose, Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990).

An Judgment in conformity with this Memorandum Opinion has this day been entered.